U.S. DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
RECEIVED

SEP 19 2007

ROBERT H. SHEMWELL, CLERK
BY _____
         DEPUTY

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

ALEXANDRIA DIVISION

| | |
|---|---|
| JOSEPH HARRIS,<br>    Plaintiff | CIVIL ACTION<br>SECTION "P"<br>NO. CV06-1465 |
| VERSUS | |
| ALPHONSE PACHECO, et al.,<br>    Defendants | JUDGE DEE D. DRELL<br>MAGISTRATE JUDGE JAMES D. KIRK |

REPORT AND RECOMMENDATION OF MAGISTRATE JUDGE
----

Before the court is a civil rights complaint filed, in forma pauperis ("IFP"), by Joseph Harris ("Harris") on August 25, 2006 and amended on January 22, 2007. (Doc. Items 1 and 7). In his complaint, Harris alleges the defendants, Dr. Alphonse Pacheco ("Pacheco"), Nurse Debra Ferguson ("Ferguson"), Captain Patrick Bordelon ("Cpt. Bordelon"), Sergeant Bernard Roger ("Roger")[1], Sergeant William Bordelon ("Sgt. Bordelon"), Lieutenant Duncan Wilson ("Wilson") and Sergeant Murphy Clark ("Clark") violated his constitutional rights under the Eighth Amendment. Specifically,

---

[1] Defendant Roger was not properly served as Debra Gauthier, secretary to the Avoyelles Correctional Center Warden, was the person who acknowledged service of process and there is no indication that she was an authorized agent to receive service. Roger has not answered the complaint and plaintiff has not moved for default. Accordingly, I recommend that the claims against Roger be dismissed without prejudice under Fed.R.Civ.P. 4(m). See McGinnis v. Shalala, 2 F.3d 548, 550 (5th Cir. 1993), cert. den., 510 U.S. 1191, 114 S.Ct. 1293, 127 L.Ed.2d 647 (1994); Systems Signs Supplies v. U.S. Dept. of Justice, 903 F.2d 1011, 1013 (5th Cir. 1990); Kersh v. Derosier, 851 F.2d 1509, 1512 (5th Cir. 1988).

Harris alleges that he did not receive adequate medical care and was subjected to cruel and unusual punishment and excessive force. For relief, Harris seeks injunctive relief as well as monetary and punitive damages. Harris is presently confined in the Avoyelles Correctional Center ("ACC") in Cottonport, Louisiana.

Clark filed a motion to dismiss for failure to exhaust administrative remedies (Doc. Item 21) and Pacheco, Ferguson and Sgt. Bordelon filed a motion to dismiss for failure to state a claim. (Doc. Item 25). Additionally, defendant Cpt. Bordelon filed a motion for summary judgment. (Doc. Item 30). Neither plaintiff nor his attorney have responded to any of these motions. All three motions are before me for Report and Recommendation.

Law

Motion to Dismiss

A motion to dismiss for failure to state a claim upon which relief can be granted is generally viewed with disfavor and rarely granted. Tanglewood East Homeowners v. Charles-Thomas, Inc., 849 F.2d 1568, 1572 (5th.Cir. 1988); Doe v. U.S. Dept. of Justice, 753 F.2d 1092, 1101 (D.C.Cir. 1985). For the purposes of such a motion, the factual allegations of the complaint must be taken as true, and any ambiguities must be resolved in favor of the pleader. Doe, 753 F.2d at 1101. A motion to dismiss an action for failure to state a claim admits the facts alleged in the complaint, but challenges plaintiff's right to relief based upon those facts.

Crowe v. Henry, 43 F.3d 198, 203 (5th Cir. 1995). In particular, a complaint should not be dismissed for failure to state a claim unless it appears beyond a doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief. Hirras v. National Railroad Passenger Corp., 10 F.3d 1142, 1144 (5th Cir. 1994), vacated on other grounds, 512 U.S. 1231, 114 S.Ct. 2732, 129 L.Ed.2d 855 (1994); Doe, 753 F.2d at 1102. On a motion to dismiss, it is presumed that general allegations embrace the specific facts that are necessary to support the claim. National Organization for Women, Inc. v. Scheidler, 510 U.S. 249, 256, 114 S.Ct. 798, 803, 127 L.Ed.2d 99 (1994), citing Lujan v. Defenders of Wildlife, 504 U.S. 555, 561, 112 S.Ct. 2130, 2137, 119 L.Ed.2d 351 (1992).

Summary Judgment

Rule 56 of the Federal Rules of Civil Procedure mandates that a summary judgment:

> shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, [submitted concerning the motion for summary judgment], if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law.

Paragraph (e) of Rule 56 also provides:

> When a motion for summary judgment is made and supported as provided in this rule, an adverse party may not rest upon the mere allegations or denials of the adverse party's pleading, but the adverse party's response, by affidavits or as otherwise provided in this rule, must set forth specific facts showing that there is a genuine

issue for trial. If the adverse party does not so respond, summary judgment, if appropriate, shall be entered against the adverse party.

Local Rule 56.2W (formerly 2.10W) also provides that all material facts set forth in a statement of undisputed facts submitted by the moving party will be deemed admitted for purposes of a motion for summary judgment unless the opposing party controverts those facts by filing a short and concise statement of material facts as to which that party contends there exists a genuine issue to be tried.

In this regard, the substantive law determines what facts are "material". A material fact issue exists if the evidence is such that a reasonable jury could return a verdict for the nonmoving party. However, the mere existence of a scintilla of evidence in support of the plaintiff's position will be insufficient to preclude summary judgment; there must be evidence on which the jury could reasonably find for the plaintiff. <u>Stewart v. Murphy</u>, 174 F.3d 530, 533 (5th Cir. 1999), cert. denied 528 U.S. 906, 120 S.Ct. 249, 145 L.Ed.2d 209(1999), and cases cited therein.

If the movant produces evidence tending to show that there is no genuine issue of material fact, the nonmovant must then direct the court's attention to evidence in the record sufficient to establish the existence of a genuine issue of material fact for trial. In this analysis, we review the facts and draw all inferences most favorable to the nonmovant. <u>Herrera v. Millsap</u>,

4

862 F.2d 1157, 1159 (5th Cir. 1989). However, mere conclusory allegations are not competent summary judgment evidence, and such allegation are insufficient to defeat a motion for summary judgment. Topalian v. Ehrman, 954 F.2d 1125, 1131 (5th Cir. 1992), cert. denied, 506 U.S. 825, 113 S.Ct. 82, 121 L.Ed.2d 46 (1992).

Analysis

Exhaustion of Administrative Remedies

Clark filed a motion (Doc. Item 21) contending that plaintiff's claims against him should be dismissed for two reasons. First, because Harris failed to comply with this court's order dated December 29, 2006 in which Harris was ordered to amend his complaint to demonstrate he exhausted his administrative remedies, and second, because Clark was not specifically named in any of the administrative grievances.

On January 22, 2007, the United States Supreme Court decided the case of Jones v. Bock, 127 S.Ct. 910, 166 L.Ed.2d 798 (2007). Before the Court were three questions: (1) whether a plaintiff must specifically plead exhaustion of administrative remedies in his Section 1983 complaint or whether exhaustion is an affirmative defense; (2) whether the plaintiff has to name each defendant in an administrative grievance; and (3) whether plaintiff's complaint should be dismissed entirely because he failed to exhaust some, but not all, claims. The Court found exhaustion is an affirmative defense, not something that must be pled or demonstrated by the

plaintiff to escape dismissal. Additionally, the Court held that one should look to the prison's policy to determine whether a defendant must be named in a grievance procedure in order to properly exhaust one's administrative remedies.[2]

In the instant case, Clark has raised exhaustion of administrative remedies as an affirmative defense. However, his reliance upon this court's December 29, 2006 order which placed the responsibility on Harris to prove exhaustion of administrative remedies, is misplaced as that order is no longer proper under Jones. Also, Carbe v. Lappin, 492 F.3d 325 (5th Cir. 2007).

With respect to Clark's claims that the matter should be dismissed because Harris failed to name him in an administrative grievance, Clark failed to produce any evidence which shows that for Harris to properly exhaust his administrative remedies, he must name a defendant in an administrative grievance. Additionally, there is nothing in Louisiana's Corrections Administrative Remedy Procedure statutes which indicates that such specificity must be made. Louisiana Revised Statute 15:1172 regarding administrative remedies and the applicability and initiation thereof states in pertinent part:

> the administrative remedy procedure "shall constitute the administrative remedies available to offenders for the

---

[2] In Jones, the Supreme Court found that the Michigan Department of Correction's Policy did not require the inmate to name someone in an administrative grievance in order to later name them as a defendant in a lawsuit.

> purpose of preserving any cause of action they may have against the state of Louisiana, the Department of Public Safety and Corrections, or its employees, the contractor operating a private facility or any of its employees, shareholders, directors, or officers, or a sheriff, or his employees or deputies

Additionally, the Administrative Remedy grievance form simply states, "Describe the Nature of the Complaint (i.e. WHO, WHAT, WHERE, and HOW)." It does not specifically state that the complaint must be made against a specific person or that a complaint must be made against each actor. It only asks for a description of the nature of the grievance.

In his grievance numbered AVC-05-1080, Harris initially stated that the complaint was made against Cpt. Bordelon and Roger, but within the complaint, Harris specifies that Clark (incorrectly referred to as "Clerk") was present during the alleged beating by Cpt. Bordelon and that Clark and Wilson picked him up off of the floor, carried him to his bed, removed the handcuffs and shackles, and then upon hearing Harris' complaints regarding neck problems, contacted and took Harris on a stretcher to the infirmary for medical care. (Doc. Item 7, p.12-13). Accordingly, Harris provided enough specificity to preserve a cause of action he might have against Clark and those involved in the alleged excessive force claim.

Finally, because this grievance was filed, reviewed and decided by both the Warden and the Secretary of the Department of Public Safety offices, Harris fully exhausted his administrative

remedies regarding the claim against Clark. Accordingly, for the foregoing reasons, Harris' claims against Clark should not be dismissed for failure to exhaust administrative remedies.

Failure to State a Claim

Also before me is a 12(b)(6) motion (Doc. Item 25) filed by defendants Pacheco, Ferguson, and Sgt. Bordelon. Among the arguments asserted by the defendants is that the claims against these defendants should be dismissed because the Report and Recommendation made to the District Judge on February 9, 2007 (Doc. Item 8) recommended dismissal of the claims.[3] This recommendation was rejected by the District Judge because plaintiff's medical records had not been reviewed. Plaintiff's medical records have since been entered into the record by another defendant, Cpt. Bordelon, as an exhibit to his motion for summary judgment. (Doc. Item 30, Exhibit A). As these documents have been considered in deciding this motion, it will be treated as a motion for summary judgment rather than a motion to dismiss.

Since the filing of plaintiff's initial complaint, Harris also filed an Amended Complaint on January 22, 2007. (Doc. Item 7).

---

[3] Defendants also contend that Harris failed to timely object to that Report and Recommendation. Objections to the Report and Recommendation were due within ten days of service. A legal holiday, Presidents' Day, occurred on February 19, 2007 and pursuant to Rule 6(e) of the Federal Rules of Civil Procedure, an additional three days are added to the prescribed period within which to respond. Accordingly, Harris' objection (Doc. Item 11), which was filed on February 26, 2007, was filed well within the time frame in which he had to respond.

This amended complaint simply provides evidence that he exhausted his administrative remedies. It does not assert any additional facts or causes of action against the defendants. Plaintiff also filed an objection to the Report and Recommendation. (Doc. Item 11). However, there is no additional information asserted therein which establishes a claim for either failure to provide medical care or retaliation.

Under the Eighth Amendment, a lack of proper inmate medical care can be "cruel and unusual punishment" only if it is "sufficiently harmful to evidence deliberate indifference to serious medical needs." Estelle v. Gamble, 429 U.S. 97, 97 S.Ct. 285, 50 L.Ed.2d 251 (1976). The Supreme Court defined "deliberate indifference" as "subjective recklessness", or, in other words, a conscious disregard of a substantial risk of serious harm. Farmer v. Brennan, 511 U.S. 825, 114 S.Ct. 1970, 1980, 128 L.Ed.2d 811 (1994). Because an inadvertent failure to provide adequate medical treatment does not violate the Eighth Amendment, deliberate indifference does not include a complaint that a physician has been negligent in diagnosing or treating a medical condition, Estelle, 97 S.Ct. at 291, or a difference of medical opinion between the prison's medical staff and the inmate about what medicines or treatments the inmate should be receiving, Sanchez v. Vild, 891 F.2d 240, 242 (9th Cir. 1989); Westlake v. Lucas, 537 F.2d 857, 860 n.5 (6th Cir. 1976). Disagreement with medical treatment does not

state a claim for Eighth Amendment indifference to medical needs. <u>Norton v. Dimazana</u>, 122 F.3d 286, 291 (5th Cir. 1997).

A prison official is deliberately indifferent to serious medical needs of prisoners if he intentionally denies or delays access to medical care. <u>Walker v. Butler</u>, 967 F.2d 176, 178 (5th Cir. 1992); <u>Thompkins v. Belt</u>, 828 F.2d 298, 303 (5th Cir. 1987). Deliberate indifference encompasses only unnecessary and wanton infliction of pain repugnant to the conscience of mankind. <u>Norton v. Dimazana</u>, 122 F.3d 286, 291 (5th Cir. 1997), citing <u>Estelle v. Gamble</u>, 429 U.S. 97, 106, 97 S.Ct. 285, 292, 50 L.Ed.2d 251 (1976). As stated by the Fifth Circuit in <u>Domino v. Texas Dep't of Crim. Justice</u>, 239 F.3d 752 (5th Cir. 2001), deliberate indifference is a high standard to meet. <u>Id.</u> at 756, citing <u>Johnson v. Treen</u>, 759 F.2d 1236, 1238 (5th Cir. 1985). A prisoner must submit evidence that the prison official(s) "refused to treat him, ignored his complaints, intentionally treated him incorrectly or engaged in any similar conduct that would clearly evince a wanton disregard for serious medical needs." <u>Domino</u> at 756, citing <u>Estelle</u>, 429 U.S. at 107.

Harris asserts two arguments with respect to inadequate medical care. The first is that he did not receive a permanent cast despite instructions from the treating physician at Huey P. Long's that he was to return once the swelling eased. He contends this caused his hand to heal improperly which has resulted in

ongoing problems. Harris' medical records dated September 14, 2005 and signed by K.W. Kennedy, M.D., show Harris had a fractured right metacarpal which was not displaced and that the prescribed treatment was a splint. (Doc. Item 30, Exhibit A). No permanent cast was needed. Harris was instructed "to wear [the] splint at all times" and "to remove to wash his hands and then re-apply the splint following cleansing." (Id.) The doctor ordered Tylenol for pain, not a prescription medication as asserted by Harris, and he advised that Harris would need to undergo physical therapy. (Doc. Item 30, Exhibit A). Physical therapy appointments were scheduled at the Huey P. Long Physical/Occupational/Speech Therapy Department of Physical Medicine and Harris attended those appointments. (Doc. Item 30, Exhibit A). Additionally, Harris' medical records show that during his follow up visit on October 1, 2006 to Huey P. Long Medical Center, x-rays revealed his hand was "healing in good condition." (Id.). There is nothing in the record to evidence any further problems with his hand.

Harris' second argument is that he did not receive proper medical care on September 15, 2005 after he was allegedly kicked in the head and neck by Cpt. Bordelon. Statements by the officers and medical records from the date of the alleged beating show that Harris was found by Clark and Wilson on the floor of his cell. They took him by stretcher to the infirmary where he was seen as an emergency case, evaluated and watched for several hours by Nurse

Ferguson and Dr. Pacheco. Despite plaintiff's claims that he had been beaten, there were no noted bruises, abrasions or any other indication he was involved in a physical altercation. Furthermore, his vital statistics were all within normal levels indicating he was not in any distress. (Doc. Item 30, Exhibit A). Accordingly, there was nothing to indicate to Pacheco or Ferguson that he required x-rays or more extensive medical attention. Despite the allegedly brutal beating Harris endured, he was able to get up on his own and return to his cell that same day. Accordingly, as Harris has failed to show deliberate indifference to medical needs, all medical claims against Pacheco and Ferguson should be dismissed with prejudice.

Harris also claims that Sgt. Bordelon retaliated against him by interfering with his medical treatment. For this claim to survive, Harris must demonstrate (1) the invocation of a constitutional right; (2) a defendant's intent to retaliate against the prisoner for his exercise of that right; (3) a retaliatory adverse act; and (4) causation, i.e. but for the retaliatory motive, the complained of incident would not have occurred. Johnson v. Rodriquez, 110 F.3d 299, 310 (5th Cir. 1997), cert. denied, 522 U.S. 955, 118 S.Ct. 559, 139 L.Ed.2d 400 (1997). Harris must provide more than his "mere personal belief" he was retaliated against. Jones v. Greninger, 188 F.3d 322, 334 (5th Cir. 1999). He must "produce direct evidence of motivation or, the more

'allege a chronology of events from which retaliation may be plausibly inferred.'" <u>Woods v. Smith</u> 60 F.3d 1161, 1166 (5th Cir. 1995), citing <u>Cain v. Lane</u>, 857 F.2d 1139, 1143 n. 6 (7th Cir. 1988).

Harris simply asserts Sgt. Bordelon retaliated against him. He does not provide any evidence or chronology of events which indicates, much less shows, a retaliatory motive. Accordingly, Harris' claims against Sgt. Bordelon should be dismissed with prejudice.

<u>Motion for Summary Judgment</u>

The third motion before me is Cpt. Bordelon's motion for summary judgment. Harris claims that Cpt. Bordelon used excessive force which rose to the level of cruel and unusual punishment when he kicked plaintiff about his head and neck upon being returned to the infirmary on the morning of September 15, 2005.

To prevail on an eighth amendment excessive force claim, a plaintiff must establish that force was not applied in a good faith effort to maintain or restore discipline, but maliciously and sadistically to cause harm, and that he suffered an injury. <u>Eason v. Holt</u>, 73 F.3d 600, 602 (5th Cir. 1996).

In determining the subjective intent of the officer, the trier of fact must base its determination on relevant subjective factors suggestive of intent. Some of the pertinent factors are the extent of the injury suffered, the need for the application of force, the

relationship between the need and the amount of force used, the threat reasonably perceived by the responsible officials, and any efforts made to temper the severity of the forceful response. Bender v. Brumley, 1 F.3d 271, 278 (5th Cir. 1993), quoting Hudson v. McMillian, 962 F.2d 522, 523 (5th Cir. 1992). A convict, or a pretrial detainee, need not demonstrate significant injury where the force used was malicious and wanton. The core judicial inquiry is whether force was applied in a good faith effort to maintain or restore discipline, or maliciously and sadistically to cause harm. Bender, 1 F.3d at 278, n. 6, quoting Hudson v. McMillian, 503 U.S. 1, 112 S.Ct. 995, 999, 117 L.Ed.2d 156 (1992).

The management by a few guards of large numbers of prisoners, not usually the most gentle or tractable of men and women, may require and justify the occasional use of a degree of intentional force. Not every push or shove, even if it may later seem unnecessary in the peace of a judge's chambers, violates a prisoner's constitutional rights. In determining whether the constitutional line has been crossed, a court must look to such factors as the need for the application of force, the relationship between the need and the amount of force that was used, the extent of injury inflicted, and whether force was applied in a good faith effort to maintain or restore discipline, or maliciously and sadistically for the very purpose of causing harm. LeBlanc v. Foti, 487 F.Supp. 272, 275 (E.D.La. 1980), citing Johnson v. Glick,

14

481 F.2d 1028 (2d Cir. 1973), cert. denied, 414 U.S. 1033, 94 S.Ct. 462, 38 L.Ed.2d 324 (1973).

The law of the Fifth Circuit is that to support an Eighth Amendment excessive force claim a prisoner must have suffered from the excessive force a more than de minimis physical injury, but there is no categorical requirement that the physical injury be significant, serious, or more than minor. Gomez v. Chandler, 163 F.3d 921, 924 (5th Cir. 1999). However, the Eighth Amendment's prohibition of cruel and unusual punishment excludes from constitutional recognition de minimis uses of physical force, provided that the use of force is not of a sort repugnant to the conscience of mankind. The absence of serious injury, while relevant to the inquiry, does not preclude relief. Siglar v. Hightower, 112 F.3d 191, 193-94 (5th Cir. 1997).

As previously mentioned, the medical records from September 15, 2005 do not indicate any sort of bruise, abrasion, laceration or any other type of injury, and given the beating described by Harris, one would expect some sort of injury to have been sustained.[4] Without an injury, there can be no use of excessive force. As no physical altercation and/or use of excessive force took place, there was no need for either Clark or Wilson to intervene on plaintiff's behalf. Accordingly, Harris' claims for

---

[4] The only noted injury is plaintiff's fractured hand which was addressed and properly treated the day before.

15

excessive force and failure to protect should be dismissed with prejudice.

## Conclusion

Based on the foregoing discussion, IT IS RECOMMENDED that Harris' claims against Roger be DISMISSED WITHOUT PREJUDICE for failure to effect service and failure to prosecute. IT IS FURTHER RECOMMENDED that Clark's motion to dismiss for failure to exhaust (Doc. Item 21) be DENIED; defendants Pacheco, Ferguson and Sgt. Bordelon's motion to dismiss (summary judgment) for failure to state a claim (Doc. Item 25) be GRANTED; Cpt. Bordelon's motion for summary judgment (Doc. Item 30) be GRANTED; and, Harris' action against all defendants be DISMISSED WITH PREJUDICE.

Under the provisions of 28 U.S.C. §636(b)(1)(c) and Fed.R.Civ.P. 72(b), the parties have **ten (10) business days** from the service of this Report and Recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections with **ten (10) days** after being served with a copy thereof. A courtesy copy of any objection or response or request for extension of time shall be furnished to the District Judge at the time of filing. Timely objections will be considered by the district judge before he makes a final ruling.

**A PARTY'S FAILURE TO FILE WRITTEN OBJECTIONS TO THE PROPOSED FINDINGS, CONCLUSIONS AND RECOMMENDATIONS CONTAINED IN THIS REPORT WITHIN TEN (10) BUSINESS DAYS FROM THE DATE OF ITS SERVICE SHALL**

**BAR AN AGGRIEVED PARTY, EXCEPT ON THE GROUNDS OF PLAIN ERROR, FROM ATTACKING ON APPEAL THE UNOBJECTED-TO PROPOSED FACTUAL FINDINGS AND LEGAL CONCLUSIONS ACCEPTED BY THE DISTRICT JUDGE.**

THUS DONE AND SIGNED at Alexandria, Louisiana on this 19th day of September, 2007.

_____
JAMES D. KIRK
UNITED STATES MAGISTRATE JUDGE